IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DORIS KING, CHARLES KING, JEREMY KING & TERRI WALKER,<br><br>Plaintiffs,<br><br>vs.<br><br>FRESNO CITY POLICE DEPARTMENT, CITY OF FRESNO & DOES 1 THROUGH 100, INCLUSIVE,<br><br>Defendants. | No. CV-F-04-6598 REC LJO<br><br>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS. |

On May 2, 2005, the Court heard Defendants' motion to dismiss or, in the alternative, motion for a more definite statement. Upon due consideration of the written and oral arguments of the parties and the record herein, the Court GRANTS IN PART AND DENIES IN PART the motion as set forth below.

**I.  Factual Background**

On September 4, 2003, Fresno police officers were called to the area of H and Divisadero Streets in Fresno in response to reports that a man was standing in the roadway waving a handgun and shouting at motorists.  The incident ended when the

1

individual, Garland King, was fatally shot by Fresno police officers.

**II.  Procedural Background**

Plaintiffs Doris King, Charles King, Jeremy King and Terri Walker ("Plaintiffs") are the heirs of Garland King.  They filed a Complaint on November 23, 2005, naming as Defendants the City of Fresno and the Fresno Police Department.  The Complaint alleges causes of action under 42 U.S.C. § 1983 for violations of the Fourth and Fourteenth Amendments and state law claims for wrongful death, negligence (based on the Federal Tort Claims Act), and negligent infliction of emotional distress.  The Complaint alleges compliance with the California Tort Claims Act.

Defendants have moved to dismiss all claims.  Defendants argue that the Fresno City Police Department is not a person within the meaning of section 1983, that the allegations under section 1983 against the City are deficient, that the Federal Tort Claims Act is inapplicable, and that Plaintiffs fail to state a claims for wrongful death, negligence, and negligent infliction of emotional distress.

**III.  Motion to Dismiss**

**A.  Legal Standard**

Dismissal of a complaint pursuant to Rule 12(b)(6) is proper if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957).  In testing the sufficiency of a complaint

2

1 against a Rule 12(b)(6) challenge, a court must "accept all
2 material allegations in the complaint as true and construe them
3 in the light most favorable to the plaintiff."  North Star Int'l
4 v. Arizona Corp. Comm'n, 720 F.2d 578, 580 (9th Cir. 1983).  The
5 Court need not, however, "accept legal conclusions cast in the
6 form of factual allegations if those conclusions cannot
7 reasonably be drawn from the facts alleged."  Clegg v. Cult
8 Awareness Network, 18 F.3d 752 (9th Cir. 1994).

9     A complaint may be dismissed as a matter of law if there is
10 a lack of a cognizable legal theory or if there are insufficient
11 facts alleged under a cognizable legal theory.  Balistreri v.
12 Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990).  The
13 Court must determine whether or not it appears to a certainty
14 under existing law that no relief can be granted under any set of
15 facts that might be proved in support of a plaintiff's claims.
16 De La Crux v. Tormey, 582 F.2d 45, 48 (9th Cir. 1978), *cert.*
17 *denied*, 441 U.S. 965, 99 S. Ct. 2416, 60 L. Ed. 2d 1072 (1979).

18     **B. Plaintiffs' Non-Opposition**

19     Plaintiffs agree that the Fresno Police Department is not a
20 separate entity and a "person" as defined by section 1983 and
21 should be dismissed as a defendant.  Plaintiffs also agree that
22 the Federal Tort Claims Act is inapplicable because it only
23 applies in civil cases in which the United States is a Defendant.
24 Last, Plaintiffs agree that, under California law, negligent
25 infliction of emotional distress is not an independent cause of
26 action but rather is subsumed within the general tort of

3

negligence.

Accordingly, the Fresno Police Department is DISMISSED as a defendant in this action and Plaintiffs' allegations regarding negligent infliction of emotional distress and the Federal Tort Claims Act are STRICKEN.

**C.  Section 1983 Claim Against the City of Fresno**

To state a claim pursuant to section 1983, a plaintiff must plead and prove a violation of a federally protected right by a person acting under color of state law.  42 U.S.C. § 1983.  In Monell v. Dept. of Social Services of New York, 436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978), the Supreme Court held that municipalities are "persons" within the meaning of section 1983 but that the municipality itself must cause the constitutional deprivation.  Id. at 691.  A city may not be held liable for unconstitutional acts of its employees under a respondeat superior theory.  Id.  A "direct causal link between a municipal policy or custom and the alleged constitutional deprivation" is required.  City of Canton, Ohio v. Harris, 489 U.S. 378, 385, 109 S. Ct. 1197, 103 L. Ed. 412 (1989).

In Gillette v. Delmore, 979 F.2d 1342, 1349 (9th Cir. 1992), the Ninth Circuit summarized the ways by which municipal liability under section 1983 may be established: 1) if the violation was committed "pursuant to a formal governmental policy or a longstanding practice or custom," 2) if the individual who committed the violation "was an official with final policy-making authority," or 3) if "an official with final policy-making

4

1  authority ratified a subordinate's unconstitutional decision or
2  action." Id. at 1346-47.  The practice must be "so persistent
3  and widespread" that it constitutes a "permanent and well settled
4  city policy." Monell, 436 U.S. at 691.

5  Plaintiffs fail to state a claim for municipal liability.
6  The Complaint makes only the conclusory allegation that
7  Defendants "violated" Plaintiffs constitutional rights.  There is
8  no allegation of a direct causal link between the City's actions
9  and the alleged deprivation.  Similarly, there are no allegations
10 that the violation was the result of a policy or custom of the
11 City, was done by a person with final policy making authority or
12 was ratified by a person with final policy-making authority.  The
13 Complaint also fails to allege that Defendants were acting under
14 color of state law.

15 Accordingly, because the allegations are insufficient to
16 state a cause of action against the City of Fresno, Plaintiffs'
17 section 1983 claim is DISMISSED without prejudice.  Because no
18 responsive pleading has been filed in this action, Plaintiffs are
19 free to file an amended complaint pursuant to Rule 15(a) of the
20 Federal Rules of civil Procedure.

21 **D.  Plaintiffs' State Law Claims**
22 **1.  Immunity Generally**

23 Section 815 of the California Government Code provides that
24 a "public entity is not liable for any injury, whether such
25 injury arises out of an act or omission of the public entity or a
26 public employee or any other person." Cal. Govt. Code § 815(a).

5

There are, however, exceptions to the blanket immunity provided by section 815.  One such exception is in section 815.6, which provides for liability "[w]here a public entity is under a mandatory duty imposed by an enactment that is designed to protect against the risk of a particular kind of injury, the public entity is liable for any injury proximately caused by its failure to discharge the duty . . .."  Id. at § 815.6.  Another exception is section 815.2, which provides that a "public entity is liable for injury proximately caused by an act or omission of an employee of the public entity acting within the scope of his employment if the act or omission would, apart from this section, have given rise to a cause of action against the employee . . .."  Id. at § 815.2(a).[1]

### 2. Defendants' Argument

Defendants argue that Plaintiffs fail to state a "statutory duty giving rise to an obligation by Defendants to the Plaintiffs" for both negligence and wrongful death.  Defendants cite a California Court of Appeal case in which the court stated that to state a cause of action against a public entity, "every fact essential to the existence of statutory liability must be pleaded with particularity, including the existence of a statutory duty."  Searcy v. Hemet Unified Sch. Dist., 177 Cal. App. 3d 792, 802 (1986).  The "statute or 'enactment' claimed to

---

[1] Indeed, in Zelig v. County of Los Angeles, 27 Cal. 4th 1112, 1128 (2002), the California Supreme Court noted that "vicarious liability is a primary basis for liability on the part of public entities."

6

1 establish duty must at the very least be identified." Id.
2    Defendants' citation is correct, however Defendants fail to
3 recognize that there are other ways, such as vicarious liability,
4 mentioned above, for the liability of a public entity to be
5 established.  Thus the failure to identify a statutory duty is
6 not necessarily fatal to Plaintiffs' claims.  Moreover, federal
7 law, not state law, governs the standard for dismissal under Rule
8 12(b)(6), although the state law standard for dismissal is
9 "highly relevant."  Church of Scientology v. Flynn, 744 F.2d 694,
10 696 n.2 (9th Cir. 1984).  Federal pleading is notice pleading and
11 requires only a "short and plain statement of the claim showing
12 that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a).
13 Defendants have presented and the Court's own research has
14 revealed no federal case in which a plaintiff's state law claims
15 were dismissed on the basis of a heightened pleading standard.
16    Accordingly, at this time Plaintiffs' state law claims will
17 not be dismissed on this ground.  This determination does not
18 affect County Defendants' ability to subsequently argue immunity.
19         **3.  Wrongful Death**
20    California law specifically provides for a cause of action
21 for wrongful death based on the neglect or wrongful act of
22 another.  Cal. Code Civ. Pro. § 377.60.  In Munoz v. City of
23 Union City, 120 Cal. App. 4th 1077, 1102 n.6 (2004), the Court of
24 Appeal noted that "Federal civil rights claims of excessive force
25 are the federal counterpart to state battery and wrongful death
26 claims; in both, the plaintiff must prove the unreasonableness of

7

the officer's conduct." The court further noted that California cases "implicitly recognize a duty on the part of police officers to use reasonable care in deciding to use and in fact using deadly force." Id. at 1101. An officer can thus be held liable for wrongful death if he or she failed to use reasonable care in the application of deadly force. Under California law the employing public entity, here the City of Fresno, could be held vicariously liable. Cal. Govt. Code § 815.2(a); see also Van Alstyne California Government Tort Liability Practice § 9.7 (CEB 2005).

Here, Plaintiffs allege that the officers were negligent in applying deadly force against Garland King. Although Plaintiffs are unaware of the name of the officer who actually shot Garland King and have instead named Doe Defendants, the facts alleged are sufficient to state a cause of action against that officer, and, vicariously, against Defendants. At some point, of course, Plaintiffs will have to identify the officer who shot Garland King in order to establish that the conduct occurred in the scope of employment. At this point, however, the allegations are sufficient. Defendant's motion to dismiss the wrongful death claim is DENIED.

### 4. Negligence

It appears to the Court that Plaintiffs' pure negligence claim is largely subsumed within their wrongful death claim. See Ileto v. Glock, Inc., 349 F.3d 1191, 1216 n.31 (2003), cert. denied 2005 U.S. LEXIS 451 (2005) ("California Courts have

consistently incorporate[d] the elements of a negligence claim into a wrongful death claim"). However, Plaintiffs still assert a cause of action for negligence in the form of negligent infliction of emotional distress.

To state a claim of negligent infliction of emotional distress, a plaintiff must allege the "traditional elements of duty, breach of duty, causation, and damages . . .." Marlene F. v. Affiliated Psychiatric Medical Clinic, Inc., 48 Cal. 3d 583, 588 (1989). The California Court of Appeal has summarized the state of the law for negligent infliction of emotional distress as follows:

> [I]n order to recover for negligently inflicted emotional distress damages, a plaintiff must either have a special relationship to the defendant (*Marlene F.*[2]), be the direct object of some aspect of the defendant's conduct (*Molien*[3]) or personally witness a negligently caused physical injury to a closely related primary victim (*Dillon*; *Ochoa*; *Thing*).[4]

Holliday v. Jones, 215 Cal. App. 3d 102, 111 (1989), *disapproved on other grounds by*, Kowis v. Howard, 3 Cal. 4th 888, 898-99 (1992).

The Complaint alleges that "Defendants' conduct negligently inflicted emotional distress to plaintiffs Doris King, Charles King, Jeremy King and Terri Walker. Defendants' conduct caused these plaintiffs to suffer severe emotional distress." Compl. ¶ 20. This allegation is conclusory. Even accepting the

---

[2] [supra]
[3] [Molien v. Kaiser Foundation Hosp., 27 Cal. 3d 916 (1980)]
[4] [Dillon v. Legg, 68 Cal. 2d 728 (1968); Ochoa v. Sup. Ct., 39 Cal.3d 159 (1985); Thing v. LaChusa, 48 Cal. 3d 644 (1989)]

1  allegations in the Complaint as true and construing them, as the
2  Court must, in the light most favorable to Plaintiffs, there is
3  no claim for negligent infliction of emotional distress stated.
4  Plaintiffs have not pleaded any factual allegations relevant to a
5  cause of action for negligent infliction of emotional distress
6  against any Defendant or Doe Defendant.  Accordingly, Defendants'
7  motion to dismiss Plaintiffs' negligence claim, which includes
8  the negligent infliction of emotional distress claim, is GRANTED
9  without prejudice.

**IV.   Motion For a More Definite Statement**

Rule 12(e) of the Federal Rules of Civil Procedure allows for a motion for a more definite statement if a pleading "is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading."  Fed. R. Civ. P. 12(e).  Motions for a more definite statement are disfavored, but are within the Court's discretion and may sometimes be appropriate.  "[P]roper pleading under Rule 8 requires a pleading to contain allegations of each element of the claim.  If it does not, and if the deficiency is not so material that the pleading should be dismissed under Rule 12(b)(6), a more definite statement is appropriate."  2 Moore's Federal Practice, § 12.36[1] (Matthew Bender 3d ed.).  However, "where the information sought by the moving party is available and/or properly sought through discovery the motion should be denied.  Famolare, Inc. v. Edison Bros. Stores, Inc., 525 F. Supp. 940, 945 (E.D. Cal. 1981); see also Wright & Miller, Federal Practice and Procedure: Civil 3d §

10

1376.

Here, the Court has dismissed under Rule 12(b)(6) both the section 1983 claim and the negligence claim and, therefore, a more definite statement as to those claims shall not be granted. As to the wrongful death claim, the allegations are sufficient to enable Defendants to frame a responsive pleading.

**ACCORDINGLY**, Defendants' motion for a more definite statement is DENIED.

**FURTHER,** Defendants' motion to dismiss is GRANTED IN PART AND DENIED IN PART as set forth above.

**FURTHER,** the Fresno Police Department is DISMISSED from this action WITH PREJUDICE.

**FURTHER,** Plaintiffs are free to amend their complaint pursuant to Rule 15(a) of the Federal Rules of Civil Procedure. Plaintiffs are reminded that any amended complaint is subject to the provisions of Rule 11.

IT IS SO ORDERED.

**Dated: May 23, 2005**          /s/ Robert E. Coyle
ia40ij                           UNITED STATES DISTRICT JUDGE