IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DORIS KING, et al, | CASE NO. CV F 04-6598 LJO |
| Plaintiffs, | **ORDER ON PLAINTIFF'S MOTION FOR SANCTIONS** |
| vs. | (Doc. 46.) |
| FRESNO CITY POLICE DEPARTMENT et al, | |
| Defendants. / | |

Plaintiff Jeremy King ("plaintiff") is a state prisoner and proceeds pro se in this 42 U.S.C. § 1983 wrongful death and related action. On November 23, 2004, attorney Steven Geringer ("Mr. Geringer") filed this action for plaintiff the three other plaintiffs who have dismissed their claims, leaving plaintiff as the sole remaining plaintiff in this action. On August 9, 2005, Mr. Geringer and plaintiff filed a substitution of attorney to substitute plaintiff in place of Mr. Geringer. This Court conducted an October 4, 2005 scheduling conference at which attorney Juan Falcon specially appeared for plaintiff. This Court issued its October 7, 2005 order to relieve Mr. Geringer as plaintiff's counsel.

Defense counsel apparently set and/or attempted to take plaintiff's June 1 or 2, 2006 deposition in prison. On June 1, 2006, plaintiff filed his "Motion in Opposition of Taking of Deposition in Violation of Rule 30(a)(2); Rule 30(b)(1); Request for Sanction Thereof" ("sanctions motion"). The sanctions motion claims that defense counsel violated "rules of federal civil procedure, and has further failed to serve plaintiff with numerous filings." The sanctions motion issue takes issue with setting

plaintiff's deposition for, among other reasons, defense counsel's failure to obtain leave of court to depose plaintiff in prison to comply with F.R.Civ.P. 30(a)(2).  The sanctions order asks to impose against defense counsel unspecified monetary sanctions, a contempt order, and an order that defense counsel "immediately serve all prior filing and documents, requests, etc."

Defense counsel is not required to serve all prior papers on plaintiff.  Defense counsel properly served papers on Mr. Geringer when Mr. Geringer represented plaintiff.  Moreover, plaintiff has failed to honor his affirmative duty to inform the Court and opposing parties of his current address.  If a plaintiff moves and fails to file a notice of change of address, service of Court orders at plaintiff's prior address shall constitute effective notice.  *See* Local Rule 83-183(b).  If mail directed to plaintiff is returned by the U.S. Postal Service as undeliverable, the Court will not attempt to remail it.  If the address is not updated within 60 days of the mail being returned, the action will be dismissed for failure to prosecute.  *See* Local Rule 83-183(b).

Plaintiff fails to substantiate his requested relief.  As such, this Court DENIES the relief sought by the sanctions motion and ADMONISHES plaintiff to inform this Court and opposing parties of his current address and to comply with Local Rule 83-183(b).

IT IS SO ORDERED.

**Dated:   June 6, 2006**              /s/ Lawrence J. O'Neill
66h44d                      UNITED STATES MAGISTRATE JUDGE

2