1

2

3

4

5

6

7

8                    **IN THE UNITED STATES DISTRICT COURT**

9                  **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11    DORIS KING, et al,                        CASE NO. CV F 04-6598 LJO

12                         Plaintiffs,          **ORDER ON PLAINTIFF'S PROTECTIVE**
                                                **ORDER MOTION**
13          vs.                                 (Doc. 49.)

14    FRESNO CITY POLICE DEPARTMENT
      et al,
15
                         Defendants.
16    _____/

17          Plaintiff Jeremy King ("plaintiff") is a state prisoner and proceeds pro se in this 42 U.S.C. § 1983

18    wrongful death and related action.  On June 1, 2006, plaintiff filed his "Motion in Opposition of Taking

19    of Deposition in Violation of Rule 30(a)(2); Rule 30(b)(1); Request for Sanction Thereof" ("sanctions

20    motion").  The sanctions motion claimed that defense counsel violated "rules of federal civil procedure,

21    and has further failed to serve plaintiff with numerous filings."  The sanctions motion took issue with

22    setting plaintiff's deposition for, among other reasons, defense counsel's failure to obtain leave of court

23    to depose plaintiff in prison to comply with F.R.Civ.P. 30(a)(2).  The sanctions motion asked to impose

24    against defense counsel unspecified monetary sanctions, a contempt order, and an order that defense

25    counsel "immediately serve all prior filing and documents, requests, etc."

26          This Court's June 7, 2006 order ("June 7 order") explained to plaintiff that defense counsel is

27    not required to serve all prior papers on plaintiff and that defense counsel properly had served papers

28    on plaintiff's former counsel.  The June 7 order noted that plaintiff has failed to honor his affirmative

                                                1

1   duty to inform the Court and opposing parties of his current address.  *See* Local Rule 83-183(b).  The

2   June 7 order denied plaintiff relief sought by the sanctions motion on grounds that plaintiff "fails to

3   substantiate his requested relief."

4       On July10, 2006, plaintiff filed his pending "Motion and Request for Protective Order of Work

5   Product" ("protective order motion").  The protective order motion raises points similar to those of the

6   sanctions motion.  With the protective order motion, "plaintiff asks this Court to issue an Order

7   protecting plaintiff from undue harassing by way of deposition, and a limiting of disclosure of work

8   product accorded all other counsel."  Plaintiff apparently filed the protective order motion to respond,

9   in part, to defendant City of Fresno's ("City's") pending motion for leave to depose plaintiff in prison.

10      At the outset, the protective order motion is untimely.  This Court's October 7, 2005 scheduling

11  order set a June 2, 2006 deadline to hear nonexpert discovery motions.  The protective order ignores the

12  deadline and fails to demonstrate good cause under F.R.Civ.P. 16(b) to modify the deadline to hear the

13  protective order motion.  "A schedule shall not be modified except upon a showing of good cause and

14  by leave of the district judge or, when authorized by local rule, by a magistrate judge."  F.R.Civ.P. 16(b).

15      In addition to its lateness, plaintiff's protective order motion has other flaws.  Plaintiff seeks

16  relief under F.R.Civ.P. 26(b)(5) which requires a party withholding information under a claim of

17  privilege or subject to protection to "make the claim expressly" and to "describe the nature of the

18  documents, communications, or things not produced or disclosed in a manner that, without revealing

19  information itself privileged or protected, will enable other parties to assess the applicability of the

20  privilege or protection."  Plaintiff "assert[s] the privilege of counsel."  Plaintiff appears to assert the

21  attorney work product protection but is not an attorney and fails to explain the protection's application.

22  Plaintiff fails to comply with F.R.Civ.P. 26(b)(5) to describe the information which he claims is

23  privileged or protected.

24      Plaintiff's protective order motion references F.R.Civ.P. 26(b)(2) to "limit discovery."

25  F.R.Civ.P. 26(b)(2) permits a court to limit frequency or extent of discovery methods if certain criteria

26  are met.  Plaintiff fails to demonstrate application of F.R.Civ.P. 26(b)(2) or satisfaction of its criteria.

27      The further points raised in the protective order motion are of no avail.

28      As such, this Court DENIES plaintiff's protective order motion and relief which plaintiff seeks

1    by his protective order motion.

2            IT IS SO ORDERED.

3    **Dated:    July 12, 2006**                          /s/ Lawrence J. O'Neill
     66h44d                                      UNITED STATES MAGISTRATE JUDGE

3