IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DORIS KING, et al, | CASE NO. CV F 04-6598 LJO |
| Plaintiffs, | **ORDER ON DEFENDANT'S MOTIONS TO: (1) EXTEND DISCOVERY AND MOTION DEADLINES; (2) DEPOSE INCARCERATED PLAINTIFF; AND (3) COMPEL PLAINTIFF'S DEPOSITION** |
| vs. | |
| FRESNO CITY POLICE DEPARTMENT, et al., | (Doc. 48.) |
| Defendants. | |

## INTRODUCTION

In this police shooting wrongful death action, defendant City of Fresno ("City") seeks: (1) to extend the June 2, 2006 deadline for nonexpert discovery and related motions; (2) this Court's leave to depose pro se incarcerated plaintiff Jeremy King ("Mr. King") in prison; and (3) to compel Mr. King's deposition after he refused to be deposed on June 1, 2006. This Court considered the City's motions to extend discovery and motion deadlines and to compel Mr. King's deposition in prison on the record, pursuant to this Court's Local Rule 78-230(m). For the reasons discussed below, this Court:

1. EXTENDS to August 4, 2006 the deadline to complete non-expert discovery and to file non-expert discovery motions;

2. GRANTS the City F.R.Civ.P. 30(a)(2) permission to depose Mr. King in prison and ORDERS the City to arrange the deposition with prison officials and pay expenses incidental to such arrangements;

3.   ORDERS Mr. King, no later than August 4, 2006, to appear for his deposition and to participate in his deposition in good faith.

## BACKGROUND

### Mr. King's Claims And Scheduling

On September 4, 2003, City police officers fatally shot Garland King ("decedent") after decedent brandished a gun and knife and pointed the gun at officers. On November 23, 2004, Doris King ("Ms. King"), decedent's wife, Charles King ("Charles"), decedent's son, Terri Walker ("Ms. Walker"), decedent's daughter, and Mr. King filed this action to allege against the City 42 U.S.C. § 1983 wrongful death and negligence claims.

This Court issued its October 7, 2005 order to set:

1.   A June 2, 2006 expert disclosure and deadline to complete nonexpert discovery and to hear nonexpert discovery motions;[1]

2.   A July 14, 2006 expert discovery cutoff;

3.   September 1, 2006 and October 6, 2006 pretrial motion filing and hearing deadlines (except as to discovery motions);

4.   An October 31, 2006 pretrial conference; and

5.   A December 4, 2006 jury trial.

Shortly after issuing the scheduling order, this Court relieved Mr. King's counsel and substituted Mr. King to represent himself.

In February 2006, Ms. Walker dismissed her action. Defense counsel sent letters to Ms. King, Charles and Mr. King to request dismissal of their actions. Mr. King's letter was sent to his residential address of record. Ms. King and Charles dismissed their actions in March 2006. Defense counsel received no response from Mr. King.

On April 10, 2006, defense counsel sent Mr. King another letter to request him to dismiss his action. On May 10, 2006, defense counsel received Mr. King's letter to indicate he was unwilling to dismiss his action. Mr. King had sent his letter from state prison in Jamestown, California where his

---

[1] The scheduling order states: "All nonexpert discovery and related motions (including motions to compel) shall be completed or heard no later than **June 2, 2006**." (Bold in original.)

2

1  is incarcerated.

## Mr. King's June 1, 2006 Deposition

On May 23, 2006, defense counsel noticed Mr. King's June 1, 2006 deposition in the Jamestown prison. Defense counsel did not obtain this Court's permission under F.R.Civ.P. 30(a)(2) to depose Mr. King in prison. At the time of his June 1, 2006 deposition, Mr. King handed defense counsel papers to challenge for the first time his deposition on grounds that the City had failed to: (1) obtain this Court's F.R.Civ.P. 30(a)(2) permission to depose Mr. King in prison; (2) provide 30 days notice of Mr. King's deposition; and (3) provide Mr. King with numerous papers which had been served when he was represented by counsel. Mr. King rejected defense counsel's request to address his deposition by a telephone call with this Court. Mr. King informed defense counsel that he had been transferred to the Jamestown prison approximately a month before his deposition and had been previously housed at Wasco State Prison and county jail.

This Court's June 7, 2006 order denied Mr. King's request to impose against defense counsel unspecified monetary sanctions, a contempt order, and an order that defense counsel "immediately serve all prior filing and documents, requests, etc." The order admonished Mr. King of his duty to inform this Court and the City of his updated address.

## The City's Motions For Relief

On June 13, 2006, the City filed its papers to seek:

1.  An extension to complete nonexpert discovery and to file non-dispositive discovery motions;
2.  Court permission under F.R.Civ.P. 30(a)(2) to depose Mr. King in prison; and
3.  To compel Mr. King's deposition.

Plaintiff filed papers to oppose the City's request relief.

## DISCUSSION

### Extension Of Discovery And Discovery Motion Deadlines

Pursuant to F.R.Civ.P. 16(b)(2) and (3), district courts must enter scheduling orders to establish deadlines for, among other things, "to file motions" and "to complete discovery." Scheduling orders may also include "the date or dates for conferences before trial, a final pretrial conference, and trial."

1  F.R.Civ.P. 16(b)(4).  "A schedule shall not be modified except upon a showing of good cause and by
2  leave of the district judge or, when authorized by local rule, by a magistrate judge." F.R.Civ.P. 16(b).
3  The scheduling order "shall control the subsequent course of the action unless modified by a subsequent
4  order." F.R.Civ.P. 16(e).

Scheduling orders "are the heart of case management," *Koplve v. Ford Motor Co.*, 795 F.2d 15, 18 (3rd Cir. 1986), and are intended to alleviate case management problems. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992).  A "scheduling conference order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded without peril." *Johnson*, 975 F.2d at 610.  In *Johnson*, 975 F.2d at 609, the Ninth Circuit Court of Appeals explained:

> . . . Rule 16(b)'s "good cause" standard primarily concerns the diligence of the party seeking the amendment.  The district court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension." Fed.R.Civ.P. 16 advisory committee's notes (1983 amendment) . . .  Moreover, carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief. . . . [T]he focus of the inquiry is upon the moving party's reasons for seeking modification. . . . If that party was not diligent, the inquiry should end.

Parties must "diligently attempt to adhere to that schedule throughout the subsequent course of the litigation." *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 607 (E.D. Cal. 1999); *see Marcum v. Zimmer*, 163 F.R.D. 250, 254 (S.D. W.Va. 1995).  In addressing the diligence requirement, this Court has noted:

> Accordingly, to demonstrate diligence under Rule 16's "good cause" standard, the movant may be required to show the following: (1) that she was diligent in assisting the Court in creating a workable Rule 16 order, *see In re San Juan Dupont*, 111 F.3d at 228; (2) that her noncompliance with a Rule 16 deadline occurred or will occur, notwithstanding her diligent efforts to comply, because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference, *see Johnson*, 975 F.2d at 609; and (3) that she was diligent in seeking amendment of the Rule 16 order, once it became apparent that she could not comply with the order, *see Eckert Cold Storage*, 943 F.Supp. at 1233.

*Jackson*, 186 F.R.D. at 608.

The City contends that good cause exists to extend the discovery and discovery motion deadlines in that Mr. King failed to apprise the City of his whereabouts to permit the City to timely depose Mr. King with F.R.Civ.P. 30(a)(2) permission and to pursue a motion to compel his deposition.  The City notes that when it learned that Mr. King was incarcerated at the Jamestown prison, the City quickly set Mr. King's deposition for June 1, 2006.  According to defense counsel, she first learned that Mr. King objected to his deposition at the time of it to prevent a motion to compel his deposition prior to the June

4

1  2, 2006 discovery motion deadline.

2  Without explanation, Mr. King appears to claim that defense counsel was aware that Mr. King
3  was incarcerated based on information from Ms. King.

4  Mr. King's inaction has caused the City's discovery dilemma. After his co-plaintiffs dismissed
5  their actions, Mr. King delayed to May 10, 2006 to inform defense counsel that he would not dismiss
6  his action. Mr. King fails to substantiate defense counsel's knowledge of his incarceration, let alone the
7  location of Mr. King's imprisonment. Defense counsel declares that she was unaware of Mr. King's
8  incarcerated whereabouts until hearing from him. Defense counsel confirmed his whereabouts and
9  proceeded to set his deposition. Until learning of Mr. King's incarcerated whereabouts, defense counsel
10 could not be expected to seek F.R.Civ.P. 30(a)(2) permission to depose Mr. King in prison. After
11 confirming Mr. King's location, defense counsel diligently attempted to depose plaintiff prior to the June
12 2, 2006 discovery deadline. Mr. King attempts to take advantage of his failure to comply with this
13 Court's Local Rule 83-183(b) to inform this Court and the City of his whereabouts. Mr. King's game
14 playing does not vitiate the City's good cause to extend the deadline to complete nonexpert discovery
15 and to file related motions.

16 **Prisoner Deposition**

17 Mr. King objected that the City had failed to obtain this Court's F.R.Civ.P. 30(a)(2) permission
18 to depose him in prison. Plaintiff claims that defense counsel's efforts "to hide" violations is "specious"
19 and demonstrates "unwillingness to follow required procedures."

20 F.R.Civ.P. 30(a)(2) requires a party to "obtain leave of court, which shall be granted to the extent
21 consistent with the principles stated in Rule 26(b)(2), if the person to be examined is confined in prison."
22 Nonetheless, a procedural omission is not necessarily fatal in that F.R.Civ.P. 30(a)(2) "does not create
23 a *per se* rule of suppression when there occurs a technical violation of its provision to obtain leave of
24 court before taking the deposition of a person confined in prison." *Miller v. Bluff*, 131 F.R.D. 698, 700
25 (M.D. Pa. 1990) (citing *Kendrick v. Schnorbus*, 655 F.2d 727, 729 (6th Cir. 1981)). In *Miller*, 131 F.R.D.
26 at 700, the court permitted a prisoner plaintiff's deposition despite a defendant's noncompliance with
27 F.R.Civ.P. 30(a)(2):

28 Ordering a halt to the scheduled deposition, until such time as the defendant

5

> moves for leave under Rule 30(a), only would delay the progress of the instant litigation and would waste the time and resources of this Court and the parties.  The Magistrate instead shall grant Defendant Stofko leave of court to take the deposition of Plaintiff Miller, without waiting for a formal motion under Rule 30(a).  The plaintiff himself started this lawsuit and any defendant surely is entitled to take his deposition in conjunction therewith. . . . Absent any showing of some real injury because of the failure of Defendant Stofko to obtain leave himself, there should be no abuse of discretion in the Magistrate's granting same *sua sponte*.  (Citation omitted.)

In a perfect world, the City would have obtained this Court's F.R.Civ.P. 30(a)(2) permission prior to Mr. King's June 1, 2006 deposition.  Obtaining such permission was dependent on defense counsel's knowledge that Mr. King was incarcerated, a fact which Mr. King concealed and which defense counsel learned after receipt of Mr. King's letter on May 10, 2006.  Mr. King's insistence on obtaining this Court's F.R.Civ.P. 30(a)(2) permission has served only to delay his deposition and to waste resources of this Court and the City.  Mr. King compounded the delay and waste by rejecting defense counsel's offer to address the deposition by a telephone conference with this Court.  Mr. King's rejection of the offer vitiates his claim that defense counsel failed to meet and confer to attempt to resolve the matter.  Since Mr. King continues to pursue his claims, the City is entitled to depose him.  Mr. King demonstrates no injury from the City's failure to sooner seek F.R.Civ.P. 30(a)(2) permission, especially given his concealment of his incarceration.

### **Compelling Mr. King's Deposition**

The City seeks to compel Mr. King's deposition on grounds that Mr. King refused to testify at his June 1, 2006 deposition, told defense counsel to file a motion to compel, and rejected defense counsel's offer to address the deposition by a telephone conference with this Court.

F.R.Civ.P. 37(a)(2)(B) provides that if a "deponent fails to answer a question propounded . . . the discovering party may move for an order compelling an answer."  An "evasive or incomplete" answer is treated as a "failure" to answer. F.R.Civ.P. 37(a)(3).  F.R.Civ.P. 37(d) provides that if a party fails to appear for a properly noticed deposition, "the court in which the action is pending on motion may make such orders in regard to the failure as are just."  F.R.Civ.P. 37(d) continues: "The failure to act described in this subdivision may not be excused on the ground that the discovery sought is objectionable unless the party failing to act has a pending motion for a protective order as provided by Rule 26(c)."

The City is entitled to depose Mr. King, who has failed to justify his recalcitrance and obstruction to the City's legitimate discovery. As such, an order to compel Mr. King's deposition is appropriate, especially given Mr. King's game playing and this Court's rejection of this requested protective order.

## CONCLUSION AND ORDER

For the reasons discussed above, this Court:

1. EXTENDS to August 4, 2006 the deadline to complete non-expert discovery and to file non-expert discovery motions;

2. GRANTS the City F.R.Civ.P. 30(a)(2) permission to depose Mr. King in prison and ORDERS the City to arrange the deposition with prison officials and pay expenses incidental to such arrangements;

3. ORDERS Mr. King, no later than August 4, 2006, to appear for his deposition and to participate in his deposition in good faith; and

4. ADMONISHES Mr. King that failure to comply with this order, to appear for his deposition and to participate in his deposition in good faith may result in dismissal of his action.

IT IS SO ORDERED.

**Dated:   July 17, 2006**              /s/ Lawrence J. O'Neill
66h44d                                                   UNITED STATES MAGISTRATE JUDGE