IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DORIS KING, et al,<br><br>　　　　Plaintiffs,<br><br>　vs.<br><br>FRESNO CITY POLICE DEPARTMENT et al.,<br><br>　　　　Defendants.<br>_____/ | CASE NO. CV F 04-6598 LJO<br><br>**ORDER ON DEFENDANT'S MOTION TO STRIKE AND FOR SUMMARY JUDGMENT**<br>(Docs. 54, 55.) |

### **INTRODUCTION**[1]

In this police shooting wrongful death action, defendant City of Fresno ("City") seeks summary judgment on grounds that remaining plaintiff Jeremy King ("Mr. King") failed to submit a valid, authorized California government tort claim and lacks evidence of the City's direct or vicarious liability. Alternatively, the City seeks to strike the operative complaint as to Mr. King on grounds that Mr. King neither signed nor authorized the complaint. Since Mr. King is incarcerated, this Court considered the City's alternative motions for summary judgment and to strike on the record and without oral argument, pursuant to this Court's Local Rule 78-230(m). Mr. King filed no timely opposition papers. For the reasons discussed below, this Court GRANTS the City summary judgment to render moot the City's alternative motion to strike.

---

[1] By a November 22, 2005 order, this action was assigned to the undersigned for all further proceedings.

1

**BACKGROUND**

On September 4, 2003, City police officers fatally shot Garland King ("decedent"), Mr. King's father, after decedent in a downtown Fresno road waved a handgun and knife and shouted at motorists. Attorney Steve Geringer ("Mr. Geringer") filed and signed a November 23, 2004 complaint ("complaint") to initiate this action. The complaint names as plaintiffs Doris King ("Mrs. King"), decedent's wife, Charles King ("Charles"), decedent's son, Terri Walker ("Ms. Walker"), decedent's daughter, and Mr. King. The complaint alleges 42 U.S.C. § 1983 ("section 1983") and related California tort law claims against the City and Fresno City Police Department ("Police Department").

With his May 25, 2005 order, the district judge dismissed the Police Department because it is neither a separate entity nor a "person" as defined by section 1983. The district judge also dismissed without prejudice the complaint's claims, except a sole remaining wrongful death cause of action under California law. The complaint was not amended despite leave to do so.

In October 2005, this Court relieved Mr. Geringer as Mr. King's counsel and substituted Mr. King to represent himself. In February and March 2006, Ms. King, Ms. Walker and Charles dismissed their claims with prejudice.

In filed papers, including his declaration, unrelated to the City's pending motions, Mr. King takes the position that he neither secured nor agreed to Mr. Geringer's representation of him and that Mr. Geringer was unauthorized to file or sign papers for Mr. King. In his July 31, 2006 declaration, Mr. King states that Mr. Geringer "would not, and did not, in any fashion, represent the interests of plaintiff Jeremy King." In his August 3, 2006 deposition, Mr. King reconfirmed that Mr. Geringer "never represented" him and that Mr. King neither signed an agreement to retain Mr. Geringer nor authorized Mr. Geringer to sign or accept documents for Mr. King.

The City points out that Mr. King has neither requested documents from the City nor served the City with discovery requests.

**THE CITY'S SUMMARY JUDGMENT MOTION**

The City seeks summary judgment on grounds that Mr. King failed to file a valid government tort claim for his wrongful death cause of action and lacks support for the City's direct or vicarious liability.

**Summary Judgment Standards**

F.R.Civ.P. 56(b) permits a party against whom a claim is asserted to seek "summary judgment in the party's favor upon all or any part thereof." Summary judgment is appropriate when there exists no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. F.R.Civ.P. 56(e); *Matsushita Elec. Indus. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 1356 (1986); *T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987). The purpose of summary judgment is to "pierce the pleadings and assess the proof in order to see whether there is a genuine need for trial." *Matsushita Elec.,* 475 U.S. at 586, n. 11, 106 S.Ct. 1348; *International Union of Bricklayers v. Martin Jaska, Inc.*, 752 F.2d 1401, 1405 (9th Cir. 1985).

On summary judgment, a court must decide whether there is a "genuine issue as to any material fact," not weigh the evidence or determine the truth of contested matters. F.R.Civ.P. 56(c); *Covey v. Hollydale Mobilehome Estates*, 116 F.3d 830, 834 (9th Cir. 1997); *see Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598 (1970); *Poller v. Columbia Broadcast System*, 368 U.S. 464, 467, 82 S.Ct. 486 (1962); *Loehr v. Ventura County Community College Dist.*, 743 F.2d 1310, 1313 (9th Cir. 1984). To carry its burden of production on summary judgment, a moving party "must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins. Co. v. Fritz Companies, Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000); *see High Tech Gays v. Defense Indus. Sec. Clearance Office*, 895 F.2d 563, 574 (9th Cir. 1990). "[T]o carry its ultimate burden of persuasion on the motion, the moving party must persuade the court that there is no genuine issue of material fact." *Nissan Fire*, 210 F.3d at 1102; *see High Tech Gays*, 895 F.2d at 574. "As to materiality, the substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248, 106 S.Ct. 2505.

"If a moving party fails to carry its initial burden of production, the nonmoving party has no obligation to produce anything, even if the nonmoving party would have the ultimate burden of persuasion at trial." *Nissan Fire*, 210 F.3d at 1102-1103; *See Adickes*, 398 U.S. at 160, 90 S.Ct. 1598. "If, however, a moving party carries its burden of production, the nonmoving party must produce

evidence to support its claim or defense." *Nissan Fire*, 210 F.3d at 1103; *see High Tech Gays*, 895 F.2d at 574. "If the nonmoving party fails to produce enough evidence to create a genuine issue of material fact, the moving party wins the motion for summary judgment." *Nissan Fire*, 210 F.3d at 1103; *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323, 106 S.Ct. 2548 (1986) ("Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make the showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be no 'genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.")

F.R.Civ.P. 56(e) requires a party opposing summary judgment to "set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party." "In the absence of specific facts, as opposed to allegations, showing the existence of a genuine issue for trial, a properly supported summary judgment motion will be granted." *Nilsson, Robbins, et al. v. Louisiana Hydrolec*, 854 F.2d 1538, 1545 (9th Cir. 1988). When a summary judgment motion is unopposed, a court must "determine whether summary judgment is appropriate – that is, whether the moving party has shown itself to be entitled to judgment as a matter of law." *Anchorage Associates v. V.I. Bd. of Tax Review*, 922 F.2d 168, 175 (3rd Cir. 1990). A court "cannot base the entry of summary judgment on the mere fact that the motion is unopposed, but, rather must consider the merits of the motion." *United States v. One Piece of Real Property, etc.*, 363 F.3d 1099, 1101 (11th Cir. 2004). A court "need not sua sponte review all of the evidentiary materials on file at the time the motion is granted, but must ensure that the motion itself is supported by evidentiary materials." *One Piece of Real Property*, 363 F.3d at 1101.

As discussed below, the City is entitled to summary judgment in the absence of a genuine issue as to a material fact.

**Absence Of Valid Government Tort Claim**

The City contends that since Mr. Geringer lacked authority from Mr. King to file documents, Mr. King filed no valid government tort claim, a prerequisite to the remaining wrongful death claim.

The California government claims statutes require timely filing of a proper claim as condition

1  precedent to maintenance of an action. Cal. Gov.Code, §§ 905, 911.2, 945.4 (presentment of a written
2  claim to the applicable public entity is required before a "suit for money or damages may be brought
3  against a public entity"); *County of San Luis Obispo v. Ranchita Cattle Co.*, 16 Cal.App.3d 383, 390,
4  94 Cal.Rptr. 73 (1971). Compliance with the claims statutes is mandatory. *Farrell v. County of Placer*,
5  23 Cal.2d 624, 630, 145 P.2d 570 (1944). Failure to file a claim is fatal to the cause of action. *Johnson
6  v. City of Oakland*, 188 Cal.App.2d 181, 183, 10 Cal.Rptr. 409 (1961).

7  When two or more persons suffer separate and distinct injuries from the same act or omission,
8  each person must submit a claim, and one cannot rely on a claim presented by another. *Nelson v. County
9  of Los Angeles*, 113 Cal.App.4th 783, 6 Cal.Rptr.3d 650, 661 (2003); *Nguyen v. Los Angeles County
10 Harbor/UCLA Medical Center*, 8 Cal.App.4th 729, 732-734, 10 Cal.Rptr.2d 709 (1992) (claim filed for
11 injured child does not permit parents to sue for negligent infliction of emotional distress); *Pacific Tel.
12 & Tel. Co. v. County of Riverside*, 106 Cal.App.3d 183, 190-192, 165 Cal.Rptr. 29 (1980) (widow
13 asserting wrongful death claim could not rely on claims filed by decedent's employer or workers'
14 compensation carrier); *Roberts v. State of California*, 39 Cal.App.3d 844, 847-848, 114 Cal.Rptr. 518
15 (1974) (same); *Shelton v. Superior Court*, 56 Cal.App.3d 66, 81-83, 128 Cal.Rptr. 454 (1976) (husband
16 and wife could not assert loss of consortium causes of action in reliance on each other's claims for their
17 own personal injuries); *Lewis v. City and County of San Francisco*, 21 Cal.App.3d 339, 341, 98
18 Cal.Rptr. 407 (1971) (wrongful death plaintiffs could not rely on decedent's pre-death tort claim for her
19 personal injuries). Because this rule is based on the purpose of the claim statutes – to provide sufficient
20 information to enable an entity to adequately investigate claims and to settle, if appropriate, without the
21 expense of litigation – the statutory requirements have not been met by the person who has not filed a
22 claim, and the doctrine of substantial compliance (which applies only when there is a defect in form but
23 the statutory requirements have otherwise been met) does not apply. *Nguyen*, 8 Cal.App.4th at 733, 734
24 10 Cal.Rptr.2d 709.

25 As noted by the City, Mr. Geringer on behalf of Mr. King and the other plaintiffs named in the
26 complaint submitted a February 26, 2004 government tort claim to the City. Mr. King disavows Mr.
27 Geringer's authority to act for Mr. King to render the claim invalid as to Mr. King. In his deposition,
28 Mr. King admitted that he did not file a claim with the City. California Government Code section 911.2

5

1  requires presentment of a claim "relating to a cause of action for death . . . not later than six months after
2  the accrual of the cause of action."  There is an absence of evidence that Mr. King filed, either himself
3  or through an authorized representative, a timely government tort claim.  As such, his wrongful death
4  claim asserted in the complaint fails in the absence of compliance with government tort claim filing
5  requirements.

**Insufficient Evidence**

7        The City argues that Mr. King lacks evidence of the City's direct liability or that the City is
8  vicariously liable for decedent's wrongful death arising from alleged negligence of police officers.
9        California Civil Code of Procedure section 377.60 authorizes a cause of action for a person's
10  death caused by another's "wrongful act or neglect."  A public entity's potential liability for another's
11  death arises under the California Tort Claims Act, Gov. Code, §§ 810, et seq., and has two sources: (1)
12  liability based on the public entity's own conduct and legal obligations; and (2) liability, based on
13  respondeat superior principles, for the misconduct of the public entity's employees that occurred in the
14  scope of their employment. *Zelig v. County of Los Angeles*, 27 Cal.App.4th 1112, 1128, 119 Cal.Rptr.2d
15  709, 722 (2002).  The Tort Claims Act draws a clear distinction between the liability of a public entity
16  based on its own conduct, and the liability arising from the conduct of a public employee. *Zelig*, 27
17  Cal.App.4th at 1128, 119 Cal.Rptr.2d at 722.  Although the Tort Claims Act provides that a public
18  employee generally is liable for an injury caused by his or her act or omission "to the same extent as a
19  private person" (Cal. Gov.Code, § 820(a)) and that, when the act or omission of the public employee
20  occurs in the scope of employment the public entity will be vicariously liable for the injury (Cal.
21  Gov.Code, § 815.2), the Tort Claims Act contains no provision similarly providing that a public entity
22  generally is liable for its own conduct or omission to the same extent as a private person or entity. *Zelig*,
23  27 Cal.App.4th at 1128, 119 Cal.Rptr.2d at 722.  Rather, the Tort Claims Act provides that a public
24  entity is not liable for an injury "[e]xcept as otherwise provided by statute . . ." Cal. Gov.Code, § 815.
25  Certain statutes provide expressly for public entity liability in circumstances that are somewhat parallel
26  to the potential liability of private individuals and entities but the Tort Claims Act's intent "is not to
27  expand the rights of plaintiffs in suits against governmental entities, but to confine potential
28  governmental liability to rigidly delineated circumstances." *Brown v. Poway Unified School Dist.*, 4

1 Cal.4th 820, 829, 15 Cal.Rptr.2d 679 (1993).

2   The record is devoid of evidence of the City's direct liability for decedent's death. As such, attention turns to potential vicarious liability. To prevail on an excessive force claim against a police officer, the plaintiff bears the burden to prove that the officer used unreasonable force. *See Munoz v. City of Union City*, 120 Cal.App.4th 1077, 1112, 16 Cal.Rptr.3d 521 (2004); *Edson v. City of Anaheim,* 63 Cal.App.4th 1269, 1272, 74 Cal.Rptr.2d 614 (1998). "A police officer in California may use reasonable force to make an arrest, prevent escape or overcome resistance, and need not desist in the face of resistance." (Cal. Pen.Code, § 835a.)

  In addition, an employer's liability "only attaches if and when it is adjudged that the employee was negligent as well. If the agent or employee is exonerated, the principal or employer cannot be held vicariously liable." *Munoz*, 120 Cal.App.4th at 1114, 16 Cal.Rptr.3d at 550. As the California appellate court further explained:

> Furthermore, unless the employee is **identified**, the trier of fact will not be able to determine if the elements needed to assert vicarious liability have been proved. . . . Thus, the doctrine clearly contemplates that the negligent employee whose conduct is sought to be attributed to the employer at least be **specifically identified**, if not joined as a defendant.

*Munoz*, 120 Cal.App.4th at 1114, 16 Cal.Rptr.3d at 550 (bold added; citations omitted).

  As the district judge noted in his order to dismiss all but the wrongful death claims, "[a]t some point, of course, Plaintiffs will have to identify the officer who shot Garland King [decedent] in order to establish that the conduct occurred in the scope of employment." The record lacks evidence of the City employee who shot decedent or of a City employee's wrongdoing and in turn, evidence to impose vicarious liability against the City. In the absence of evidence to support the City's direct or vicarious liability, the City is entitled to summary judgment.

## **CONCLUSION**

For the reasons discussed above, this Court:

1. GRANTS summary judgment in favor of defendant City of Fresno and against plaintiff Jeremy King to render moot the City's alternative motion to strike Mr. King as a plaintiff subject to the complaint;

2. VACATES all pending dates, including the October 31, 2006 pretrial conference and

December 4, 2006 trial;

3. DENIES as moot the City's September 26, 2006 ex parte request to continue trial based on defense counsel's conflict with a trial starting December 5, 2006 in this Court; and

4. DIRECTS this Court's clerk to enter judgment in favor of defendant City of Fresno and against plaintiff Jeremy King and to close this action.

IT IS SO ORDERED.

**Dated:   September 27, 2006**              /s/ Lawrence J. O'Neill
66h44d                                        UNITED STATES MAGISTRATE JUDGE